UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

MENACHEM STEINBERG, an infant under
the age of 18 years, by and through his court appointed
guardian, JOSEPH WOLHENDLER,

                        Plaintiff,                                    **COMPLAINT**

            -against-

THE MOUNT SINAI MEDICAL CENTER, INC.,                **PLAINTIFF**
HATZOLAH OF WILLIAMSBURG, INC.,                          **RESPECTFULLY**
CITY OF NEW YORK, NEW YORK CITY                          **DEMANDS A**
ADMINISTRATION FOR CHILDREN'S SERVICES,          **JURY TRIAL**
JOHN AND JANE DOES 1-20, fictitious names intended
to be police officers employed by the New York City Police
Department, and JOHN AND JANE ROES 1-20,
fictitious names intended to be employees of the
New York City Administration for Children's Services,

                        Defendants,

--------------------------------------------------------------x

Plaintiff, Menachem Steinberg, by and through his court appointed

guardian, Joseph Wolhendler, as and for a complaint, respectfully pleads as follows:

     1. That plaintiff Menachem Steinberg is a natural person, whose date of

birth is October 9, 1994. He is currently 17 years old.

     2. That plaintiff Joseph Wolhendler is a natural person who was

appointed by the New York State Family Court as the guardian of Menachem Steinberg.

     3. That plaintiff Menachem Steinberg currently resides in the home of

Joseph Wolhendler located at 3832 Lyme Avenue, Brooklyn, New York 11244.

     4. That defendant The Mount Sinai Medical Center, Inc. ("Mt. Sinai"), is

a nonprofit corporation duly organized and existing under New York law. Mt. Sinai is a

hospital located at One Gustave Levy Place, New York, New York 10029.

1

5. That Hatzolah of Williamsburg, Inc. ("Hatzolah") is a nonprofit corporation duly organized and existing under New York law. Hatzolah is located at 183 Wilson Street, Brooklyn, New York 11211.

6. That defendant, City of New York is a duly organized municipality existing by and pursuant to New York law.

7. That defendant, New York City Administration for Children's Services ("ACS") is a New York City agency, located at 150 William Street, New York New York 10038. The main mission of ACS is to protect New York City's children from abuse, maltreatment, and neglect.

8. That defendants John and Jane Does 1-20 are intended to be fictitious names who are employees of the New York City Police Department.

9. That defendants John and Jane Roes 1-20 are intended to be fictitious names who are employees of ACS.

10. That this court possess jurisdiction in this matter pursuant to federal question jurisdiction, under Title 42, United States Code, section 1983, and also principles of pendant and ancillary jurisdiction.

11. The natural mother of Menachem Steinberg (who is sometimes known as Menachem Klein) is Faigy Steinberg, who resides in Lakewood, New Jersey.

12. That Faigy Steinberg has a history of physically and emotionally abusing, maltreating, and neglecting her son, Menachem Steinberg.

13. That in order to avoid this abuse and neglect, Menachem Steinberg enrolled, in or about 2010, in a yeshiva operated by a Rabbi Yoel Roth, Tiferes HaTorah, located in Brooklyn, New York.

2

14. That the mother Faigy Steinberg began to conspire, with others, to capture, falsely imprison, and return Menachem Steinberg to her home, where he would be additionally abused, maltreated, and neglected.

15. That on or about September 6, 2010, when Menachem Steinberg was 15 years old, Faigy Steinberg, in concert with Hatzolah, attempted to and did capture Menachem Steinberg, and had him falsely imprisoned in Mt. Sinai.

16. That on or about said date, Faigy Steinberg first reported that her son was a runaway, and caused state trooper authorities in Monroe, Orange County, New York, to detain and take Menachem Steinberg into their custody.

17. That said state trooper authorities then forced Menachem Steinberg to be taken into the custody of Faigy Steinberg, and two additional persons, including a Mrs. Wertzberger, who, in a private vehicle, drove Menachem Steinberg to Manhattan, while claiming they were really taking him to Lakewood, New Jersey.

18. In Manhattan, on Madison Avenue, in the East 70s, Menachem Steinberg observed that Faigy Steinberg wanted to deliver him to a waiting Hatzolah Vehicle. Menachem Steinberg quickly understood that he would likely face forced and unwanted physical and emotional abuse, incarceration, indoctrination, and unwanted medical and psychological treatment. Menachem Steinberg acted quickly to avoid this situation, called "911", and attempted to escape both Faigy Steinberg's vehicle, and the Hatzolah vehicle.

19. That two New York City police officers did report to the scene, and Faigy Steinberg, and her two companions, did falsely report to the police that Menachem Steinberg was dangerous to himself, and/or others, and/or suicidal, and was required to be transported by the Hatzolah ambulance to Mt. Sinai.

3

20. That despite Menachem Steinberg adequately explaining that he was not mentally ill, dangerous, nor suicidal, and that his mother had previously abused, maltreated, and neglected him, these police officers, without adequate investigation, coerced and forced Menachem Steinberg into the Hatzolah ambulance, which transported him to Mt. Sinai. That one of the police officers actually did enter the Hatzaloh vehicle, and ride with the Hatzaloh personnel, and Menachem Steinberg to Mt. Sinai, so as to forcefully detain and imprison him there.

21. That once at Mt. Sinai, Faigy Steinberg again lied, now to Mt. Sinai personnel, that Menachem Steinberg was mentally ill, and suicidal, and despite Menachem Steinberg's protestations of abuse, maltreatment, and neglect, he was admitted there, on September 6, 2010, and he involuntarily was imprisoned there, in the psychiatric department until October 4, 2010.

22. That during this time period of approximately one month, Mt. Sinai medical, psychological, and other therapy personnel determined early on, at the beginning, that Menachem Steinberg did not suffer from any diagnoses nor abnormalities that required this type of extreme, involuntary treatment, but nevertheless, against his clearly stated will, continued to imprison him. The Mt. Sinai hospital records are clearly documented in this regard.

23. That Mt. Sinai informed Menachem Steinberg that they could release him into the custody of his natural mother, Faigy Steinberg, but Menachem Steinberg clearly stated that his mother had physically and emotionally abused and neglected him, and that he refused to return there.

24. That Mt. Sinai Hospital either failed to report this information to ACS, in breach of their statutory duties as mandated reporters, under New York State

Social Services Law section 413.; and/or Mt. Sinai did make a report to ACS, but did so inadequately, again in violation of section 413, causing Menachem Steinberg to continue to be incarcerated in the Mt. Sinai psychiatric ward.

25. That Mt. Sinai Hospital had the opportunity, utilizing its vast resources, to fairly and quickly and fully investigate the suspicious and doubtful circumstances of Menachem Steinberg's forced and unnecessary hospitalization, equivalent to an incarceration, in their facility.

26. That had Mt. Sinai performed such a full investigation, they would have determined that Faigy Steinberg, the natural mother of Menachem Steinberg, had a history of irrational and erratic behavior, which included her failed attempt in court, during the summer of 2010, to withdraw her son Menachem from summer camp, and have him psychologically evaluated against his will, and hospitalized. That had Mt. Sinai been fully aware of that and other history, and the history of her physical and emotional abuse of her son, they would have released Menachem Steinberg, and established an appropriate safety plan for him.

27. That during this one month time period, the 15 year old Menachem Steinberg was deprived of normal observance of the Jewish holidays of Rosh Hashana, Yom Kippur, and Sukkoth, in a normal, warm yeshiva and synagogue and communal environment; and was instead forced to observe these holidays in a psychiatric ward inhabited by highly mentally ill and dangerous persons at Mt. Sinai.

28. That during the time he was in Mt. Sinai, Menachem Steinberg was isolated from the outside world, not being allowed to communicate via telephone nor any other means, and not being allowed outside visitors.

29. That Mt. Sinai continued to hold Menachem Steinberg in their custody despite the ongoing protestations of Menachem Steinberg, and his advocates, and friends, including but not limited to, his attorney Rachel Freier, Esq., and Joseph Wolhendler.

30. That Ms. Freier, and Mr. Wolhendler, did come to petition the New York State Family Court, and Mr. Wolhendler was appointed guardian, and did cause the release of Menachem Steinberg from Mt. Sinai.

31. That because of her irrational and erratic behavior, Faigy Steinberg lost her custody rights.

### FIRST CLAIM FOR RELIEF UNDER 42 USC 1983
### AS AGAINST CITY OF NEW YORK;
### JOHN AND JANE DOES 1-20;
### JOHN AND JANE ROES 1-20

32. That all paragraphs above are repeated herein.

33. That City of New York, ACS, John and Jane Does, and John and Jane Roes, under color of state law, did, in concert with others as described herein, cause to deprive plaintiff Menachem Steinberg of his constitutional rights, including but not limited to, his physical liberty, his personal freedom, his freedoms of speech and religion, and his due process rights.

34. That plaintiff has been injured.

### SECOND CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS FOR FALSE IMPRISONMENT

35. That all paragraphs above are repeated.

36. That defendants falsely imprisoned plaintiff.

37. That plaintiff was injured.

### THIRD CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS FOR ASSAULT

38. That all paragraphs above are repeated.

39. That defendants assaulted plaintiff.

40. That plaintiff was injured.

### FOURTH CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS FOR CIVIL BATTERY

41. That all paragraphs above are repeated.

42. That defendants committed civil batteries upon plaintiff.

43. That plaintiff was injured.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT MT. SINAI

44. That all paragraphs above are repeated.

45. That defendant Mt. Sinai, a hospital, breached its duty of care towards the 15 year old infant plaintiff. Defendant Mt. Sinai was negligent in admitting, assessing, evaluating, and treating plaintiff.

46. That as a result of said breach, plaintiff has been injured, in suffering physical harm, psychological and emotional harm, and other injuries.

### AD DAMNUM CLAUSE

WHEREFORE, on all claims for relief, plaintiff demands damages of $2 million, together with costs, disbursements, attorneys' fees, and such other and further relief as to the court may seem just and proper.

Dated: December 21, 2011

Respectfully,

ELLIOT B. PASIK (1521)
Of counsel
Law Offices of Gerald P. Gross
Attorneys for plaintiffs
366 Pearsall Avenue, Suite 5
Cedarhurst, New York 11516
Telephone: 516 371 2800
Fax: 516 371 1512
efpasik@aol.com

## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY

8