FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 1 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
M.S., an infant under the age of 18 years, by
and through his court appointed guardian,
JOSEPH WOLHENDLER,

                        Plaintiff,

      - against -

THE MOUNT SINAI MEDICAL CENTER, INC.,
HATZOLAH OF WILLIAMSBURG, INC.,
CITY OF NEW YORK, NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S SERVICES,
JOHN AND JANE DOES 1-20, fictitious names intended
to be police officers employed by the New York City
Police Department, and JOHN AND JANE ROES 1-20,
fictitious names intended to be employees of the
New York City Administration for Children's Services,

                        Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

12-cv-00051 (SLT) (VMS)

**TOWNES, United States District Judge,**

## BACKGROUND

On January 5, 2012, Joseph Wolhendler initiated this 1983 action against the City of New York, Mount Sinai Medical Center, Inc., Hatzolah of Williamsburg, Inc., and certain other municipal agencies and employees. (*See* ECF Nos. 1, 101). In a Memorandum and Order dated November 8, 2016, this Court granted the City's motion for summary judgment and dismissed the action in its entirety. (ECF No. 107). On December 12, 2016, the City filed a Bill of Costs pursuant to FRCP 54, Local Rule 54.1, and 28 U.S.C. §§ 1920 and 1923, seeking $442.87 for the cost of deposing one "Joseph Wolhendler," and $20.00 in docketing costs. (ECF No. 112). Plaintiff opposed that application in the instant filing, seeking "judicial review" of the City's application for costs. (ECF No. 114).

Plaintiff asserts three arguments in opposition to the City's application for Costs. First, he contends that the application was untimely under Local Rule 54.1 because it was filed more than 30 days after entry of judgment. (ECF No. 114 ¶¶ 4-5). Second, he contends that the $442.87 incurred for the deposition of Joseph Wolhendler, who previously served as his guardian and as the nominal Plaintiff in this case, is not taxable under Local Rule 54.1 because Wolhendler's deposition was not "used" by the court in ruling on Defendant's motion for summary judgment. (*Id.* ¶¶ 6-8). Finally, Plaintiff urges that "the [C]ourt, pursuant to its inherent powers, should consider the equities here." (*Id.* ¶ 9).

## LAW AND ANALYSIS

Rule 54(d)(1) generally governs the taxation of costs allowed to prevailing parties, including those costs enumerated in 28 U.S.C. § 20. *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016)). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Local Civil Rule 54.1(c)(2) provides in turn that, in addition to other enumerated items, "[c]osts for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion." Case law has clarified that whenever a party files a deposition transcript or portion thereof in support of summary judgment, that deposition is "used" by the Court for the purposes of Local Rule 54.1(c)(2). *Nazaire v. Kingsbrook Jewish Med. Ctr.*, No. 04 CV 1415 (JG), 2006 WL 2946331, at *1 (E.D.N.Y. Oct. 11, 2006) (quoting *Whitfield v.* 241 F.3d at 271 (2d Cir. 2001)).

Entry of costs against "the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. "For this reason, the losing party has the burden to

show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* "As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.*

As an initial matter, the Court notes that Plaintiff's timeliness argument is mistaken. As Plaintiff notes, Local Rule 54.1(a) allows prevailing parties 30 days after entry of judgment to file a notice of "taxation for costs." However, as Local Civil Rule 6.4 explicitly states, if the last day of any time period prescribed by local rules falls on a weekend or holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The clerk entered judgment in the instant action on November 10, 2016, and the 30-day deadline therefore fell on Saturday, December 10. (*See* ECF No. 108). The City filed its application on following Monday, December 12, 2016, within the applicable timeframe. The application was therefore timely.

However, the costs that the City seeks to recover for the deposition of "Joseph Wolhendler" do not appear to be taxable. There is no trace of Wolhendler's deposition on the docket; it was not submitted with either parties' submissions supporting or opposing summary judgment and it does not appear to be referenced in their briefs. (*See* ECF Nos. 89-104). The Court, having recently ruled on the subject motion, finds no indication that it "used" the Wolhendler deposition when granting summary judgment. Accordingly, the costs of this deposition are not taxable.

The remaining $20 in costs sought under 28 U.S.C. §§ 1920 and 1923, however, remain taxable. *See* Local Rule 54.1 (c)(10) (generally permitting costs for docketing fees); 28 U.S.C. §

3

1923(a) (setting $20 as taxable docketing fees). Plaintiff's equitable argument essentially rehashes the same arguments he made for liability, suggests his relative indigency, and asserts that he did "nothing wrong" deserving of a "federal civil judgment on his record" and consequent damage to his credit rating. This provides no grounds for deviating from allowing the prevailing party $20 in docketing costs. Plaintiff has merely implied and not established his indigency, see Pierre v. City of N.Y., No. 05-CV-5018 JFB KAM, 2008 WL 1700441, at *3 (E.D.N.Y. Apr. 9, 2008), and his reference to the harm imposed by "federal civil judgments" on credit rating is confused. A bill of costs is not a judgment, and the influence it would have on his credit rating is entirely speculative and presumes non-payment.[1]

## CONCLUSION

For the foregoing reasons, the City's application for costs is **DENIED** in part and **GRANTED** in part. The costs incurred during the deposition are not taxable, but the docketing fees are properly allocated to Plaintiff. The Clerk of Court is respectfully directed to enter $20 in costs to the City pursuant to 28 U.S.C. §§ 1920 and 1923.

**SO ORDERED**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York

February 15, 2017

---

[1] Separately, the Court notes that Plaintiff improperly requested that sanctions be imposed on the City. Rule 11(c) requires that motions for sanctions be filed separate from other filings and "not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Plaintiff's argument, moreover, fails to establish substantive grounds for sanctions. His argument is stated here in full: "this mean, cruel, petty, nasty, deceitful, unethical, and frivolous application for costs should be denied, and [D]efendant City of New York should be financially sanctioned, pursuant to Rule 11, and the inherent powers of this courts [sic]." (Id. ¶ 10). This conclusory argument does not establish the bad faith or failure to perform responsibilities of an officer of the court. See Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001).